UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

RUDEAN WEIR,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GUILD MORTGAGE COMPANY LLC AND
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

    Petitioners.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STIPULATION AND ORDER

22 Cr. 695 (DLC)

    WHEREAS, on or about December 15, 2022, RUDEAN WEIR (the "Defendant"), was charged in a one-count Information, 22 Cr. 695 (DLC) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Sections 1349 (Count One);

    WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information that the Defendant personally obtained, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information and, *inter alia*, the following specific property:

    a. $199,205.59 of the value of the real property located at 4068 Herron Trail, Atlanta, GA 30349 (the "Subject Property");

WHEREAS, on or about December 15, 2022, the Defendant pled guilty to Count One of the Information pursuant to a plea agreement with the Government wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c): (i) a sum of money equal to $3,779,489.00 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Information, and (ii) all right, title and interest of the Defendant in, *inter alia*, the Subject Property;

WHEREAS, on or about December 15, 2022, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") imposing a money judgment against the Defendant in the amount of $3,779,489.00 in United States currency (the "Money Judgment"), and ordering the forfeiture to the United States of all of the Defendant's right, title, and interest in, *inter alia*, the Subject Property;

WHEREAS, the provisions of Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the intent of the United States to dispose of the Subject Property before the United States can have clear title to the Subject Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Subject Property was posted on an official government internet site (www.forfeiture.gov) beginning on January 24, 2023 for thirty (30) consecutive days, through February 22, 2023, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims

and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on September 19, 2023 (D.E. 68);

WHEREAS, on or about September 29, 2023, Guild Mortgage Company LLC and Mortgage Electronic Registration Systems, Inc ("Petitioners") filed a verified petition with this Court asserting an interest in the Subject Property as the holder of a note and loan (the "Loan") secured by a security deed (the "Security Deed") against the Subject Property (the "Guild Petition") (D.E. 70);

WHEREAS, the current principal balance outstanding for the Loan as of September 21, 2023, was approximately $303,901.28, not counting interest that has accrued and continues to accrue, and additional fees and late charges owed to Guild by Defendant (all amounts owed to Petitioners at the time of foreclosure pursuant to the Loan and Security Deed collectively the "Petitioners' Interest");

WHEREAS, the United States acknowledges, pursuant to Title 18, United States Code, Section 853(n)(6)(A), the Petitioners' superior interest in the Subject Property; and

WHEREAS, the United States Attorney's Office for the Southern District of New York and the Petitioners have agreed, in order to avoid litigation, to resolve the Petitioners' Interest in the Subject Property on the terms and conditions set forth below;

IT IS HEREBY STIPULATED AND AGREED, by and between Damian Williams, United States Attorney for the Southern District of New York, by and through Assistant United States Attorney Matthew Weinberg, of counsel, and the Petitioners, by and through its counsel Matthew Mulqueen, Esq., that:

1. The United States of America hereby recognizes that the Petitioners have a valid superior interest in the Subject Property.

2. Petitioners are authorized to proceed with holding a foreclosure sale of the Subject Property (the "Foreclosure Sale").

3. The Government shall not oppose the Foreclosure Sale.

4. In furtherance of the Foreclosure Sale, the Government agrees to execute promptly any documents which may be required to complete the Foreclosure Sale of the Subject Property.

5. Following the Foreclosure Sale, the net proceeds from the sale of the Subject Property in excess of the Petitioners' Interest and related costs of the sale, but not to exceed $199,205.59, shall be turned over to the Government by the Petitioners representing the substitute *res* for the Subject Property (the "Substitute Res").

6. Any claim of interest in the Substitute Res by the Petitioners is withdrawn and Petitioners will not oppose the entry of a Final Order of Forfeiture forfeiting all right, title and interest in the Substitute Res to the Government.

7. The Substitute Res, if and to the extent it comes into existence, shall be issued in a check made payable to the United States Marshals Service and referencing "US v. Weir, 22 Cr. 695 (DLC), 4068 Herron Trail, Atlanta, GA" in the memorandum section of the check and be deposited and held by the United States Marshals Service (or its designee) in the Seized Asset Depository Fund.

8. This Stipulation and Order constitutes the complete agreement between the parties hereto on the matters contained herein, and no other statement, promise or agreement, either written or oral, made by either party or agents of either party, that is not contained in this written Agreement shall be enforceable. Any modifications to this agreement shall be in a writing signed by the parties.

9. The parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

10. Each party to this Stipulation and Order shall bear its own costs and attorney's fees. No attorney's fees associated with this settlement shall be authorized.

11. The Court shall have exclusive jurisdiction over the interpretation and enforcement of this Stipulation and Order.

12. The signature page of this Stipulation and Order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument. Signature pages may be by fax or scanned and such signatures shall be deemed as valid originals.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          11/01/2023
    Matthew Weinberg                            DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2386

GUILD MORTGAGE COMPANY LLC
AND MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC

By: _____          11/01/2023
    Matthew Mulqueen, Esq.                     DATE
    *Counsel for Petitioners*
    Baker, Donelson, Bearman,
    Caldwell & Berkowitz, PC
    165 Madison Avenue, Suite 2000
    Memphis, Tennessee 38103

So ordered.

_____
11/2/23