UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
UNITED STATES OF AMERICA                  :
                                          :
                                          :         22cr695-001
            -v-                           :           (DLC)
                                          :
RUDEAN WEIR,                              :         MEMORANDUM
                      Defendant.          :        OPINION AND
                                          :            ORDER
                                          :
----------------------------------------- X

Appearances:

For the petitioner Rudean Weir:
Leighton M. Jackson
174 W. 4th St. #259
New York, NY 10014


For the United States of America:
Matthew Weinberg
United States Attorney's Office SDNY
26 Federal Plaza, 38th Floor
New York, New York 10278

DENISE COTE, District Judge:

On January 31, 2024, defendant Rudean Weir moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines.  The defendant also seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  The defendant is not eligible for a reduction of his sentence pursuant to Amendment 821.  The defendant's motion for compassionate release is denied.

## Background

On December 15, 2022, Weir pleaded guilty to conspiracy to commit wire fraud under 18 U.S.C. § 1349, pursuant to a plea agreement with the Government.  Weir conspired with others to submit fraudulent applications to the New York City Human Resources Administration for approximately $5.4 million in emergency COVID-related payments intended for veterans in financial distress.  The fraud took place over many months, during which roughly 340 fraudulent applications were submitted.

The defendant himself obtained roughly $2.5 million from this fraud, much of which he invested in real estate, specifically six properties.  At his sentencing, a restitution order in the amount of roughly $5.4 million was signed on consent of the parties, with the understanding that the defendant's real estate would be sold and the money from those sales would go towards the defendant's obligations to make restitution and pay forfeiture.  A forfeiture order listing the six properties as well as an amount of almost $3.8 million was issued on December 15, 2022, at the time he pleaded guilty.

The defendant's Sentencing Guidelines range was 41 to 51 months' imprisonment, based on an offense level of 22 and a criminal history category of I.  The Government requested a sentence within the guidelines range.  On March 31, 2023, the

defendant was sentenced principally to a term of 30 months'
imprisonment, to be followed by a term of supervised release of
three years.

On October 30, 2023, Weir made a request of his warden for
compassionate release.  Weir represents that he has not received
any response.  On January 31, 2024, an attorney for Weir filed a
motion for compassionate release pursuant to 18 U.S.C. §
3582(c)(1)(A)(i) and for a sentence reduction pursuant to
Amendment 821 to the Sentencing Guidelines.  Amendment 821 went
into effect on November 1, 2023 and applies retroactively.

On February 8, the United States Probation Department
issued a report indicating that Weir is not eligible for a
sentence reduction under Amendment 821.  On March 8, Weir filed
a response to the Probation Department's report, disagreeing
with its interpretation of Amendment 821.  Weir filed a
supplemental motion for a sentence reduction on March 27.

On April 29, Weir filed a consolidated motion for a
modification of his sentence and of the order of forfeiture.  On
May 2, Weir wrote again, stressing the urgency of a decision on
the forfeiture issue.  The motion for a modification of the
forfeiture order is addressed in a separate Order.  On June 26,
in a pro se application, Weir seeks appointment of counsel.
This application was docketed on July 8.  Weir is currently in

custody at a residential reentry facility and is scheduled to be released from custody on November 6, 2024.

## Discussion

1. Amendment 821

Weir's motion for a reduction of his sentence pursuant to Amendment 821 will be addressed first. A judgment of conviction is ordinarily final. Pursuant to 18 U.S.C. § 3582(c)(2), however, a federal court may reduce a defendant's sentence if the defendant was originally sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission when that modification is made retroactive. United States v. Martin, 974 F.3d 124, 136, 139 (2d Cir. 2020).

When presented with a motion to reduce a sentence pursuant to § 3582(c)(2), the district court must first "determine the amended guideline range that would have been applicable to the defendant if [the amendment] had been in effect at the time the defendant was sentenced." United States v. Zapatero, 961 F.3d 123, 127 (2d Cir. 2020) (quoting U.S.S.G. § 1B1.10(b)(1)); see also Dillion v. United States, 560 U.S. 817, 827 (2010). If the defendant is eligible for a sentence reduction, "a court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) and if such reduction is consistent

with applicable policy statements issued by the Sentencing Commission," which are contained in U.S.S.C. § 1B1.10.  Martin, 974 F.3d at 136 (citation omitted).  Courts may not reduce a term of imprisonment under § 3582(c)(2) "to a term that is less than the minimum term of imprisonment specified by a subsequently lowered Guidelines range," with an exception for defendants who provide substantial assistance to the Government. United States v. Young, 998 F.3d 43, 46 n.1 (2d Cir. 2021).  A reduction in sentence pursuant to § 3582(c)(2) is not a plenary sentencing proceeding.  Dillon, 560 U.S. at 827.

Amendment 821 to the Sentencing Guidelines went into effect on November 1, 2023, and applies retroactively.  See U.S.S.G. § 1B1.10(d).  Among other changes, Amendment 821 modified the calculation of offense levels of those defendants who received zero points in the calculation of the criminal history score under U.S.S.C. § 4C1.1.  It provided a decrease of two levels in the offense level of defendants who did not receive any criminal history points and whose instant offense did not involve specified aggravating factors.  Those aggravating factors include that the defendant "did not personally cause substantial financial hardship."  U.S.S.G. § 4C1.1(a)(6).  Amendment 821 was informed by studies of recidivism which showed that offenders with zero criminal history points "have considerably lower

recidivism rates" than other offenders, including those with one criminal history point.  The Sentencing Commission determined that the "departure and variance rates for zero-point offenders, coupled with its recidivism data" warranted the amendment. U.S.S.G. App. C, Amendment 821, Reason for Amendment.  The Sentencing Commission noted as well that the exclusionary criteria identified by the Commission were also informed "by extensive data analyses and public comment."  Id.

Weir had zero criminal history points at the time of his sentencing.  It is also true, however, that he may be ineligible for any adjustment because he personally caused "substantial financial hardship."  In any event, if Amendment 821 reduced his offense level by two levels, it would be lowered from 22 to 20. As a consequence, Weir's Guidelines range would be lowered from the original range of 41 to 51 months to 33 to 41 months.

It is unnecessary to decide whether a disqualifying aggravating factor prevents Weir from benefitting from Amendment 821 since he is not eligible in any event for a sentence reduction pursuant to Amendment 821.  Weir was sentenced to a term of 30 months' imprisonment, which is below his amended Guidelines range.

Weir's counsel argues in his April 29 submission that Weir is entitled to a proportionate reduction of his sentence below

the new guidelines range because he was prejudiced in being sentenced before Amendment 821 was enacted.  He argues that, if the new guidelines range had been in effect, the Court would have given him an even lower sentence than 30 months' imprisonment.  Weir suggests that the new sentence should be eleven months below 33 months, i.e., 22 months, since the Court sentenced him to eleven months below 41 months.

In making this argument, Weir relies on U.S.S.G. § 1B1.10, Application Note 3, which provides an exception to the rule that the Court may not reduce a term of imprisonment below the amended Guidelines range.  Application Note 3 states that

> Subsection (b)(2)(B) [of U.S.S.G. § 1B1.10] provides an exception to this limitation, which applies if the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities.  In such a case, the court may reduce the defendant's term, but the reduction is not limited by subsection (b)(2)(A) to the minimum of the amended guideline range.  Instead, as provided in subsection (b)(2)(B), the court may, if appropriate, provide a reduction comparably less than the amended guideline range.

U.S.S.G. § 1B1.10, Application Note 3 (emphasis added).  Weir's counsel edited this quotation in his April 29, 2024 memorandum and omitted the substantial assistance requirement.  In the absence of substantial assistance to the authorities, the same policy statement is clear that a court may only reduce the

7

defendant's term of imprisonment to a term that is "no less than the minimum term of imprisonment provided by the amended guideline range." Id. As already explained, Weir is not eligible for a sentence reduction pursuant to Amendment 821.

   2. Compassionate Release

A court may reduce a sentence if it finds that "extraordinary and compelling reasons" warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). District courts are tasked with "independently . . . determin[ing] what reasons, for purposes of compassionate release, are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted). If the Court finds that "extraordinary and compelling reasons" are present, the court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) before reducing the sentence. United States v. Amato, 48 F.4th 61, 63 (2d Cir. 2022) (citing 18 U.S.C. § 3582(c)(1)).

Weir's petition for compassionate release is ripe for review because 30 days have passed since Weir filed his administrative request for compassionate relief. 18 U.S.C. § 3582(c)(1)(A). Weir seeks compassionate relief primarily on the basis that his young daughter is suffering from a serious ear condition that required surgery in December 2023. During his imprisonment, the defendant's daughter has been under the care

of Weir's long-term friend.  It is assumed that the diagnosis and treatment of his child's serious health condition constitutes an extraordinary reason permitting compassionate release in the event that the § 3553(a) factors support that release.

The defendant's sentencing submission requested leniency so that he could care for his daughter.  It explained that no one in his family could care for her; he was her only parent and caregiver.  As described in the Judgement of Conviction's Statement of Reasons for the variance, a variance which resulted in a sentence below the Sentencing Guidelines range, the Court relied explicitly on the defendant's obligations to his young child.  The § 3553(a) factors do not support a further reduction in Weir's sentence.  He engaged for many months in a massive fraud, a fraud from which he personally profited handsomely. The Court gave careful consideration to his daughter's needs at the time of sentence and his role as her sole parent.  No further reduction in his sentence is warranted pursuant to the § 3553(a) factors.

## Conclusion

Weir's January 31, 2024 motion for a sentence reduction pursuant to 18 U.S.C. § 3582 (c) and U.S.S.G. § 1B1.10 is denied.

Dated:      New York, New York
            July 16, 2024

                                    _____
                                    DENISE COTE
                                    United States District Judge

10