```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
UNITED STATES OF AMERICA                  :
                                          :
                                          :        22cr695-001
              -v-                         :          (DLC)
                                          :
RUDEAN WEIR,                              :        MEMORANDUM
                        Defendant.        :        OPINION AND
                                          :          ORDER
                                          :
----------------------------------------- X
```

Appearances:

For the petitioner Rudean Weir:
Leighton M. Jackson
174 W. 4th St. #259
New York, NY 10014


For the United States of America:
Matthew Weinberg
United States Attorney's Office SDNY
26 Federal Plaza, 38th Floor
New York, New York 10278


DENISE COTE, District Judge:

On April 29, 2024, counsel for Rudean Weir filed a motion for a modification of the order of forfeiture entered at the time he pleaded guilty to fraud charges.  For the following reasons, the defendant's April 29 motion is denied.

## **Background**

On December 15, 2022, Weir pleaded guilty to conspiracy to commit wire fraud under 18 U.S.C. § 1349, pursuant to a plea agreement with the Government.  Weir conspired with others to

submit fraudulent applications to the New York City Human Resources Administration for approximately $5.4 million in emergency COVID-relief payments intended for veterans in financial distress.  The fraud took place over many months, during which roughly 340 fraudulent applications were submitted.

The defendant obtained roughly $2.5 million from this fraud, much of which he invested in six properties.  At his sentencing on March 31, 2023, a restitution order in the amount of roughly $5.4 million was signed with the consent of the parties, on the understanding that the defendant's real estate would be sold and the money from those sales would go towards the defendant's obligations to make restitution and pay forfeiture.  A consent preliminary order of forfeiture, which was issued on December 15, 2022, at the time he pleaded guilty, listed the six properties as well as an amount of almost $3.8 million.

The defendant's Sentencing Guidelines range was 41 to 51 months' imprisonment, based on an offense level of 22 and a criminal history category of I.  The Government requested a sentence within the Guidelines range.  On March 31, 2023, due to his status as his young daughter's sole parent, the defendant was sentenced below the bottom of the Guidelines range to a term of 30 months' imprisonment, to be followed by a term of

supervised release of three years.  The defendant did not appeal his conviction.

The defendant first raised concerns about the forfeiture process in a February 16, 2024 letter, which was filed on March 27.  The defendant complained that two properties had been sold at a loss.  The Court ordered on April 4 that the defendant consult with the Government about those concerns.

On April 29, 2024, Weir filed a consolidated motion for a modification of his sentence and of the order of forfeiture. The request to modify his term of imprisonment was denied on July 16.  In connection with the forfeiture order, the defendant sought a "Homestead Exemption" for a home at 6064 Riveroak Terrace, Atlanta, Georgia ("Riveroak Property").  An Order of May 2 requested a response from the Government regarding the forfeiture motion by June 3, and allowed the defendant to reply by July 12.  On May 2, Weir wrote again, stressing the urgency of a decision on the forfeiture issue.  On May 22, a final order of forfeiture was issued, reflecting the resolution of third-party claims.  On June 3, the Government opposed the motion to amend the forfeiture order.  On June 26, in a pro se application, Weir seeks appointment of counsel.  This application was docketed on July 8.  The defendant did not file by July 12 any reply to the Government's June 3 submission.

On July 18, 2024, through counsel, Weir filed a notice of appeal of the May 22, 2024 final order of forfeiture.  Weir is currently in custody at a residential reentry facility and is scheduled to be released from custody on November 6, 2024.

The filing of a notice of appeal divests this Court of jurisdiction to grant the motion for a modification of the forfeiture order.  United States v. Jacques, 6 F.4th 337, 342 (2d Cir. 2021) (citing Griggs v. Providence Consumer Discount Co., 459 U.S. 56, 58 (1982)).  Under Fed. R. Crim. P. 37(a), however, if a timely motion is made for relief that a court lacks authority to grant because of a pending appeal,

> the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Crim. P. 37(a); see also Fed. R. Civ. P. 62.1(a).  The Court may therefore deny Weir's motion for modification of the forfeiture order.

As the Government's June 3 submission describes, Weir and the Government negotiated the terms of his plea.  Weir agreed to plead guilty to a conspiracy to commit wire fraud and consented to the forfeiture of the six properties, among other things.  In return, the Government agreed to accept the plea in satisfaction of the indictment; it agreed that the defendant would not be

4

further prosecuted on the aggravated identity theft count, which carried a mandatory two-year consecutive sentence.

Weir's agreement to the forfeiture and restitution orders also benefitted Weir at the sentencing proceeding itself. Weir's sentencing submission highlighted his acceptance of responsibility and agreement to pay restitution and consent to forfeiture.  While the defendant's initial sentencing submission requested that the Riveroak Property be removed from the forfeiture order to which he had consented at the time of his plea, he withdrew that request before sentence.  As noted, he received a sentencing variance in light of the 18 U.S.C. § 3553(a) factors.

For the reasons stated in the Government's June 3 submission, the request to modify the forfeiture order must be denied.  There is no Homestead Exemption that would apply to the Riveroak Property.  That property was properly forfeited with the defendant's consent at the time he entered his plea of guilty.  Forfeiture was made a term of the sentence and the defendant did not appeal his sentence.  Finally, and as

significantly, the interests of justice do not support a modification to the order of forfeiture.

The defendant's request for appointment of counsel is denied. He has identified no meritorious issue to be litigated before this Court that would justify the appointment of counsel.

## Conclusion

The April 29, 2024 motion for modification of forfeiture is denied. The defendant having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962).

Dated:     New York, New York
           July 19, 2024

_____
DENISE COTE
United States District Judge